UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NING ZHANG, RUOPENG CHE, YUZHOU
WANG, YONGHONG GUO, XUESONG LIU,
JIASHENG ZHANG, GUANGXIANG QU,
LIANPENG ZOU and NIANCHUN ZHANG,
on behalf of themselves and all other similarly
situated employees,

                Plaintiffs,

    -against-

FAMILY WU 1, LLC. d/b/a FIRST LAMB
SHABU, LAO CHENG YI GUO, FAMILY
WANG, LLC, FAMILY WANG 1, LLC, YIJING
WANG and PENG WU,

                Defendants.
-------------------------------------------------------------X

REPORT AND
RECOMMENDATION

19 CV 5723 (CBA)(RML)

LEVY, United States Magistrate Judge:

        By order dated December 14, 2021, the Honorable Carol Bagley Amon, United States District Judge, referred the motion to dismiss of defendants Family Wang, LLC ("FW LLC") and Family Wang 1, LLC ("FW1 LLC") to me for report and recommendation. For the reasons stated below, I respectfully recommend that the motion be denied.

## PROCEDURAL HISTORY

        Plaintiffs Ning Zhang, Ruopeng Che, Yuzhou Wang, Yonghong Guo, Xuesong Liu, Jiasheng Zhang, Guangxiang Qu, Lianpeng Zou, and Nianchun Zhang ("plaintiffs") commenced this wage-and-hour action on October 10, 2019, asserting claims against defendants Family Wu 1, LLC. d/b/a First Lamb Shabu, Lao Cheng Yi Guo, Yijing Wang, and Peng Wu under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law ("NYLL"). (See Complaint, dated Oct. 9, 2019, Dkt. No. 1.) All plaintiffs worked at the

restaurant First Lamb Shabu, located at 136-72 Roosevelt Avenue in Queens, New York.  (Id. ¶¶ 9-17.)

On August 31, 2020, plaintiffs filed an amended complaint, adding defendants FW LLC and FW1 LLC (the "new defendants").  (See First Amended Complaint, dated Aug. 27, 2020 ("First Am. Compl."), Dkt. No. 19.)  The Amended Complaint does not assert any federal or employment-related claims against the new defendants.  Rather, the only claims against them are for violations of New York's Debtor and Creditor Law.  According to the amended complaint, defendants Yijing Wang and Peng Wu, the owners of defendant Family Wu 1, LLC d/b/a First Lamb Shabu, fraudulently transferred two properties to FW LLC and FW1 LLC in December 2019, shortly after this case was commenced.  (See First Am. Compl. ¶¶ 25, 26.)  Plaintiffs allege that defendants Wang and Wu formed FW LLC and FW1 LLC as new corporations, over which they had exclusive control, for the purpose of fraudulently shielding their assets and hindering plaintiffs' recovery.  (Id. ¶¶ 183-188.)  The new defendants argue that the claims against them must be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule 12(b)(1) because they are insufficiently related to plaintiffs' federal claims.  (See Defendants Family Wang LLC and Family Wang 1 LLC's Memorandum of Law in Support of Motion to Dismiss, dated July 9, 2021 ("Defs.' Mem."), Dkt. No. 30-1.)

## DISCUSSION

"Under 28 U.S.C. § 1367(a), district courts 'shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.'"  Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d 321, 332 (2d Cir. 2011) (quoting 28 U.S.C. § 1367(a)).  Both the claim conferring subject matter jurisdiction and the supplemental claim "must stem from the same 'common

2

nucleus of operative fact'; in other words, they must be such that the plaintiff 'would ordinarily be expected to try them all in one judicial proceeding.'" Id. (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966)). A federal court may also "exercise ancillary jurisdiction over . . . those claims and actions which are necessary to effectuate its own judgments." Village of W. Hampton Dunes v. New York, 89 F. Supp. 3d 433, 443 (E.D.N.Y. 2015). "Without jurisdiction to enforce a judgment entered by a federal court, 'the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution.'" Winter v. Novartis Pharm. Corp., 39 F. Supp. 3d 348, 351 (E.D.N.Y. 2014) (quoting Peacock v. Thomas, 516 U.S. 349, 356 (1996)).

Here, plaintiffs assert a claim against the new defendants under New York Debtor and Creditor Law § 276,[1] which states that "[e]very conveyance made and every obligation incurred with actual intent, . . . to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors." N.Y. DEBT. & CRED. LAW § 276. There is no dispute that the court has subject matter jurisdiction over plaintiffs' original FLSA and NYLL claims. Plaintiffs bring the Debtor and Creditor Law claim against the new defendants under the theory that they may be hindered from collecting on any judgment issued in their wage-and-hour action without a restraining order preventing defendants from disposing of the two properties. (See Am. Compl. ¶ 188.) Adjudicating the fraudulent conveyance claim thus falls squarely within the court's ancillary enforcement jurisdiction. See Yong Xiong He v. China New Star Rest., Inc., No. 19 CV 5907, 2020 WL 6202423, at *3 (E.D.N.Y. Oct. 22, 2020) (holding that the

---

[1] New York's Debtor and Creditor Law "was amended effective April 4, 2020." In re Level 8 Apparel, LLC, No. 16 CV 13164, 2021 WL 279620, at *5 n.8 (Bankr. S.D.N.Y. Jan. 26, 2021). "The amended statute applies to transactions occurring on or after April 4, 2020," id., and since the transactions at issue here took place in December 2019, the new version of the law does not apply to this case.

3

district court had jurisdiction over plaintiff's claims for attachment and injunctive relief under the New York Debtor and Creditor Law in FLSA and NYLL case);[2] see also Kim v. Yoo, 776 F. App'x 16, 20 (2d Cir. 2019) (summary order) (holding that a Debtor and Creditor Law fraudulent conveyance claim made to enforce an FLSA judgment is "[a]n ancillary action" that "does not require an independent basis for jurisdiction") (citing Epperson v. Entm't Express, Inc., 242 F.3d 100, 104 (2d Cir. 2001)).

## CONCLUSION

For the reasons stated above, I respectfully recommend that the motion to dismiss be denied. Any objection to this report and recommendation must be filed electronically within fourteen (14) days. Failure to file objections within the specified time period waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); see also FED. R. CIV. P. 72(b), 6(a), 6(d).

Respectfully submitted,

/s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
February 22, 2022

---

[2] While the new defendants argue that Yong Xiong He v. China New Star Rest., Inc. "is not binding on this Court" (see Defendants' Reply Memorandum in Further Support of the Motion to Dismiss, dated Oct. 14, 2021, Dkt. No. 36, 3), they have not offered a persuasive reason for why the case should be distinguished or for why an uncontested decision in this district should not be relied upon. In Yong Xiong He, the plaintiff brought Debtor and Creditor Law claims under the theory that he might be hindered from collecting on any judgment issued in his FLSA and NYLL action. Yong Xiong He v. China New Star Rest., Inc., No. 19 CV 5907, 2020 WL 6202423, at *3 (E.D.N.Y. Oct. 22, 2020). Though there was not yet a judgment to effectuate, as is the case here, the court in Yong Xiong He found that adjudicating the attachment and fraudulent conveyance claims fell "squarely within the Court's ancillary enforcement jurisdiction." Id.