Clerk's Office
Filed Date: 3/24/2022

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

NING ZHANG, RUOPENG CHE, YUZHOU
WANG, YONGHONG GUO, XUSONG LIU,
JIASHENG ZHANG, GUANGXIANG QU,
LIANGPENG ZOU, and NIANCHUN ZHANG,
on behalf of themselves and all other similarly
situated employees,

                     Plaintiffs,

-against-

FAMILY WU 1, LLC d/b/a FIRST LAMB
SHABU, LAO CHENG YI GUO, FAMILY
WANG, LLC, FAMILY WANG 1, LLC, YIJING
WANG, and PENG WU,

                     Defendants.

-------------------------------------------------------x

NOT FOR PUBLICATION
MEMORANDUM & ORDER
19-cv-5723 (CBA) (RML)

**AMON, United States District Judge:**

On February 17, 2020, the then-named parties to this litigation filed their consent to the jurisdiction of Magistrate Judge Levy to resolve all dispositive issues. On August 31, 2020, Plaintiffs filed an Amended Complaint, which named Family Wang, LLC and Family Wang 1, LLC (collectively, "Moving Defendants") as new defendants. (Docket Entry ("D.E.") # 19 ("Am. Compl.").) On July 9, 2021, Moving Defendants filed a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (D.E. # 30-1 ("Mot.").)

Unlike their co-defendants, Moving Defendants declined to consent to the jurisdiction of Magistrate Judge Levy, and this case was reassigned to me for all purposes. I referred Moving Defendants' motion to dismiss to Magistrate Judge Levy for report and recommendation ("R&R"). On February 22, 2022, Magistrate Judge Levy filed his R&R and recommended that I deny Moving

1

Defendants' motion, finding that Plaintiffs' claims under New York's Debtor and Creditor Law ("DCL") against Moving Defendants are part of the same "common nucleus of operative fact" as Plaintiffs' claims under the Fair Labor Standards Act (the "FLSA"), and therefore, within the supplemental jurisdiction of the Court. (See D.E. # 38 ("R&R") 2-3.)

Moving Defendants object on three grounds: first, that Magistrate Judge Levy "made no determination regarding the lack of subject-matter jurisdiction over Plaintiffs' DCL Claims," (D.E. # 39 ("Obj.") 1); second, that Magistrate Judge Levy improperly found that the DCL claims were within the ancillary jurisdiction of the Court, (id. at 2); and third that Magistrate Judge Levy declined to "address the Court's discretion to decline to exercise ancillary jurisdiction over Plaintiff's claims," (id. at 4). For the reasons that follow, I find no merit to Moving Defendants' objections.

## DISCUSSION

When deciding whether to adopt an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the R & R to which no timely objection has been made, 'a district court need only satisfy itself that there is no clear error on the face of the record.'" Augustin v. Cap. One, No. 14-cv-179 (CBA)(VMS), 2015 WL 5664510, at *1 (E.D.N.Y. Sept. 24, 2015) (quoting Jarvis v. N. Am. Globex Fund L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011)). When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "However, to the extent that a party makes only conclusory or general objections, or simply reiterates the original arguments, the court reviews the [R&R] only for clear error." Augustin,

2015 WL 5664510, at *1 (quoting Soley v. Wasserman, 823 F. Supp. 2d 221, 228 (S.D.N.Y. 2011)).

Moving Defendants first object that "Plaintiffs have pled 28 U.S.C. § 1332(d)(2) [(the Class Action Fairness Act)] as their sole basis for subject matter jurisdiction" and that Plaintiffs fail to adequately allege jurisdiction under the that act. (Obj. 2.) They further highlight that Plaintiffs identify "jurisdiction over state law claims asserted here pursuant to the Class Action Fairness Act" and only allege "supplemental jurisdiction over the New York Labor Law [(the "NYLL")] claims," not the DCL claims. (Am. Compl. ¶ 6; Obj. 2.) Although Plaintiffs both fail to explicitly state a basis for jurisdiction for the DCL claims in their Amended Complaint and seem to link their state law claims to the Class Action Fairness Act cause of action, this inartful pleading is insufficient to render this Court without jurisdiction to consider those claims.

Moving Defendants argue in their original motion and again in their objections that Plaintiffs have failed to satisfy their burden to prove jurisdiction by a preponderance of the evidence under the Class Action Fairness Act. (Mot. 4; Obj. 2.) Specifically, they argue that Plaintiffs "have failed to establish that the matter in controversy against Moving Defendants exceeds the sum or value of $5,000,000, and most critically, that Plaintiffs' claims against Moving Defendants are not brought on behalf of the purported class" as required by the jurisdictional requirements of the Class Action Fairness Act. (Obj. 2.)

"A court may dismiss for lack of subject matter jurisdiction only if it appears that the plaintiff can prove no set of facts that would support jurisdiction." United States v. Sforza, 326 F.3d 107, 110 (2d Cir. 2003). Whether or not Plaintiffs have adequately alleged facts supporting jurisdiction under the Class Action Fairness Act, it is undisputed that the plaintiffs have pleaded an independent basis of federal jurisdiction under the FLSA. 29 U.S.C. § 216(b); see 28 U.S.C.

3

§ 1331.  Moreover, in the body of the Amended Complaint, Plaintiffs explicitly tie their DCL claims to their underlying FLSA claims, alleging that Moving Defendants "willfully and intentionally committed fraudulent conveyances of assets . . . in order to shield their assets from potential liabilities to Plaintiffs."  (Am. Compl. ¶ 45.)

Moving Defendants' second and third objections concern supplemental jurisdiction.  Under 28 U.S.C. § 1367(a), a federal court may exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  In short, if the related claims fall within the same "common nucleus of operative fact" as the claims over which the federal court has original jurisdiction, the federal court may hear those related claims.  United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966).  A "common nucleus of operative fact" means that the state-law claims "must be such that the plaintiff 'would ordinarily be expected to try them all in one judicial proceeding.'"  Montefiore Med. Ctr. v. Teamsters Loc. 272, 642 F.3d 321, 332 (2d Cir. 2011) (quoting Gibbs, 383 U.S. at 725).  Supplemental jurisdiction also extends to claims meant to "enforce a judgment entered by a federal court" because without such jurisdiction, "the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution."  Peacock v. Thomas, 516 U.S. 349, 356 (1996) (quoting Riggs v. Johnson County, 73 U.S. (6 Wall.) 166, 187 (1868)).

Moving Defendants argue that "Plaintiffs' FLSA and NYLL claims are wholly unrelated to Plaintiffs' claims against them pursuant to DCL."  (Obj. 3.)  Magistrate Judge Levy properly rejected that argument, noting that the courts in both Yong Xiong He v. China New Star Restaurant Inc., 19-cv-5907 (PKC) (CLP), 2020 WL 6202423 (E.D.N.Y. Oct. 20, 2020) and Kim v. Yoo, 776 F. App'x 16 (2d Cir. 2019) (summary order), determined that "a Debtor and Creditor Law

4

fraudulent conveyance claim made to enforce an FLSA judgment" is properly within the supplemental jurisdiction of the federal courts. (R&R 4.) Moving Defendants argue that these cases are distinguishable because Kim v. Yoo—upon which Yong Xiong He relies in its holding—concerned "[a]n ancillary action to collect a judgment," Kim, 776 F. App'x at 20, whereas there is "not yet a judgment to effectuate" in this case. (Obj. 4.)

Moving Defendants are correct that Kim v. Yoo concerned a decision in a different procedural posture, but I find that this distinction does not make a difference in my analysis of the propriety of supplemental jurisdiction. Ultimately, if the Plaintiffs prevail in this action and prove liability under the FLSA and the NYLL, there will be a judgment to collect in this case. And Plaintiffs have pleaded in their Amended Complaint that the transfers underlying the creation of Family Wang LLC and Family Wang 1 LLC were made "with actual intent to hinder and delay Plaintiffs' recovery." (Am. Compl. ¶ 185.) DCL claims to avoid the transfer in advance of a judgment of this case fit squarely within the supplemental jurisdiction of the federal courts. See Peacock, 516 U.S. at 356 ("[W]e have approved the exercise of ancillary jurisdiction over a broad range of supplementary proceedings involving third parties to assist in the protection of federal judgments—including attachment, mandamus, garnishment, and the prejudgment avoidance of fraudulent conveyances." (emphasis added)). Plaintiffs' ability to recover on their claims is assuredly part of a "common nucleus of operative fact" with the underlying FLSA claims. Accordingly, supplemental jurisdiction under § 1367 is appropriate, and I reject Moving Defendants' second objection.

In the alternative, Moving Defendants argue in their third objection that I should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c). That subsection provides that:

> [T]he district courts may decline to exercise supplemental jurisdiction over a claim under [§ 1367(a)] if –

(1) The claim raises a novel or complex issue of State law,
(2) The claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) The district court has dismissed all claims over which it has original jurisdiction, or
(4) In exceptional circumstances, there are other compelling reasons for declining jurisdiction

28 U.S.C. § 1367(c).  Section 1367(c) establishes a "permissive rather than mandatory" basis for a court to decline to exercise supplemental jurisdiction.  Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003).  "[T]herefore a district court may retain jurisdiction over the action even if one or more factors are met." Blackrock Balanced Cap. Portfolio v. HSBC Bank USA, Nat'l Ass'n, 95 F. Supp. 3d 703, 709 (S.D.N.Y. 2015).  Moving Defendants note that under § 1367(c)(2) a district court "may decline to exercise supplemental jurisdiction" where a state "claim substantially predominates" over the federal claims. (Obj. 7.)  Moving Defendants argue that the DCL claims predominate because Plaintiffs' FLSA and NYLL claims "are straightforward," but "[a]djudicating Plaintiffs' DCL claims would add significant complexity to this relatively straightforward . . . case." (Id.)  Moreover, Moving Defendants warn that "allowing Plaintiffs to bring unrelated DCL claims . . . would open the floodgates to claims that are completely unrelated to FLSA and NYLL claims," and suggests that this constitutes "compelling reasons for declining jurisdiction" under § 1367(c)(4). (Id.)  Finally, Moving Defendants seem to argue that the relative prejudice they would suffer if the lawsuit is not dismissed under Rule 12(b)(1) also constitutes "compelling reasons for declining jurisdiction." (Id. at 7-8.)

I disagree with Moving Defendants' premise that allowing Plaintiffs to bring DCL claims would "open the floodgates" to unrelated litigation.  As discussed above, these DCL claims are related to Plaintiffs' efforts to recover a potential judgment for the FLSA violations they allegedly suffered.  Accordingly, I do not find this argument persuasive.  I am also unpersuaded by Moving

6

Defendants' arguments regarding the prejudice they face—which appears to be that they would be forced to defend this action and pay legal fees, and that they have "only a limited amount of time left to conduct discovery." (Id.) Neither of these grounds rises to the level of "compelling reasons." See Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 448 (2d Cir. 1998) (warning that "[t]he use of 'exceptional circumstances' [in § 1367(c)(4)] indicates that 'Congress has sounded a note of caution that the bases for declining jurisdiction should be extended beyond the circumstances identified in subsections (c)(1)-(3) only if the circumstances are quite unusual" (quoting Exec. Software N. Am., Inc. v. U.S. Dist. Ct for Cent. Dist. of Cal., 24 F.3d 1545, 1558 (9th Cir. 1994), overruled on other grounds, Cal. Dept. of Water Res. v. Powerex Corp., 533 F.3d 1087 (9th Cir. 2008))).

Moving Defendants' argument concerning the relative complexity of Plaintiffs' FLSA/NYLL claims and their DCL claims fares slightly better—but the outcome is the same. The predominance exception to "the exercise of supplemental jurisdiction" should be invoked only "when 'permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog.'" Jager v. Bos. Rd. Auto Mall, Inc., No. 14-cv-614 (LLS), 2015 WL 235342, at *5 (S.D.N.Y. Jan. 16, 2015) (quoting Luongo v. Nationwide Mut. Ins. Co., No. 95-cv-3190 (MBM), 1996 WL 445365, at *5 (S.D.N.Y. Aug. 7, 1996)). The determination of whether "state-law claims . . . predominate over federal claims" turns on issues like "proof, . . . scope of the issues raised, or . . . the comprehensiveness of the remedy sought." Fixed Income Shares: Series M v. Citibank N.A., 130 F. Supp. 3d 842, 852 (S.D.N.Y. 2015) (quoting Dedalus Found. v. Banach, No. 09-cv-2842 (LAP), 2009 WL 3398595, at *5 (S.D.N.Y. Oct. 16, 2009)). Moving Defendants argue that the DCL claims will require

different proof and examine different factual and legal bases than Plaintiffs' underlying FLSA claims do.

But even if Moving Defendants are correct that the DCL claims "predominate" over the FLSA claims, I may nonetheless exercise supplemental jurisdiction. The Second Circuit has been clear that "a district court should not decline to exercise supplemental jurisdiction unless it also determines that doing so would not promote the values articulated in Gibbs: economy, convenience, fairness, and comity," Jones v. Ford Motor Credit Co., 358 F.3d 205, 214 (2d Cir. 2004) (internal citation omitted). "Litigants come to court to have their problems solved," and resolving these DCL claims in connection with the FLSA claims will aid in that pursuit. Catzin v. Thank You & Good Luck Corp., 899 F.3d 77, 86 (2d Cir. 2018). Having the Plaintiffs resolve their DCL claims in separate state court litigation would not advance the values of "economy, convenience, fairness, and comity" set forth in Gibbs. Jones, 358 F.3d at 214. Accordingly, after de novo review, I adopt Magistrate Judge Levy's recommendation to exercise supplemental jurisdiction over Plaintiffs' DCL claims against Moving Defendants.

SO ORDERED.

Dated: March 23, 2022

    Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
United States District Judge

8